UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVIN DAN ROBERSON,

        Plaintiff,

v.

CASE NO.:

VNK TRANSPORTATION, a foreign
Corporation and MICHAEL KAPANZHI ,

        Defendant.

_____

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendants, VNK TRANSPORTATION, a foreign Corporation and MICHAEL KAPANZHI ("Defendant"), hereby gives this Notice of Removal of the above captioned action from the Circuit Court of the Forth Judicial Circuit, in and for Duval County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represents as follows:

1. This action was filed in Marion County Circuit Court on March 18, 2023. On or about May 15, 2023, a Complaint was served on Defendant Michael Kapanzhi.[1] The civil action entitled *Marvin Dan Roberson v. VNK Transportation and Michael Kapanzhi.*, was commenced in the Circuit Court, Forth Judicial Circuit,

---

[1] Removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the service on Michael Kapanzhi which was effectuated on May 15, 2023.

in and for Marion County, Florida, and assigned Case Number 2023-CA-2045. A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as composite **Exhibit A.**

## CITIZENSHIP

2. There is complete diversity of citizenship between the parties to this cause. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3. MARVIN DAN ROBERSON ("Plaintiff") is a citizen of the State of Florida. *See* Pl.s' Compl. ¶ 2, attached within composite **Exhibit A.**

4. Defendant Michael Kapanzhi is a citizen of and domiciled in the State of South Carolina. See Pl.s' Compl. ¶ 4, attached within composite **Exhibit A.**

4. Defendant is a Foreign Profit Corporation duly organized under South Carolina Law with its principal place of business in South Carolina. Defendant's Certificate of Existence and Articles of Incororation is attached hereto as **Exhibit B.** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See also Riley v. Merrill Lynch, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant is a citizen of South Carolina.

5. Thus, Plaintiff and Defendants are diverse, as Plaintiff is a citizen of the State of Florida and Defendants are citizens of South Carolina.

## AMOUNT IN CONTROVERSY

6. This is a purported negligence action brought by Plaintiff against Defendant. As is expressly referenced in the Complaint, Plaintiff is seeking damages in excess of $50,000.00.

7. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d at 1254-1255; *but see Clifford v. BJ's Wholesale Club, Inc.*, 2016 LEXIS 147614 (S.D. Fla. 2016).

8. In the instant matter, on or around April 19, 2023, prior to Defendant being served with the Complaint, Plaintiff furnished Defendant with an offer of

settlement in the amount of one million dollars and zero cents ($1,000,000.00). *See* **Exhibit "C."** In the same offer of settlement, Plaintiff included a portion of Plaintiff's medical records and bills. Plaintiff claims to have pain in his neck, headaches, upper back pain, low back pain, permanent injuries requiring major surgical intervention and is allegedly still treating for such. Plaintiff has already incurred over $194,769.73 in medical bills at that time. *See* **Exhibit "C."**

9. Further, Plaintiff alleges in his Complaint that he suffered permanent losses, which are continuing, including:

   a. Bodily Injury;
   b. Pain and Suffering;
   c. Disability;
   d. Disfigurement;
   e. Mental Anguish;
   f. Loss for the Capacity for the Enjoyment of Life;
   g. Medical Expenses for Hospitalization;
   h. Medical Expenses for Care and Treatment;
   i. Loss of Income in the Past and Future; and
   j. Aggravation or Activation of a Pre-Existing Condition.

*See* Pl.s' Compl. ¶ 22, attached within composite **Exhibit A.**

10. Thus, the amount in controversy inarguably exceeds $75,000.00 for the reasons stated above.

## **CONCLUSION**

11. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction

based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.

13. Defendant has served the instant Notice of Removal on Plaintiff's counsel on June 14, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Forth Judicial Circuit.

14. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

15. Defendant reserves the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

**WHEREFORE**, Defendant respectfully requests that this action now pending in the Forth Judicial Circuit in and for Duval County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: June 14, 2023

*/s/ Dara M. Reed*
L. Johnson Sarber, III
Florida Bar No. 0104116
Dara M. Reed
Florida Bar No. 0123957
CARR ALLISON
The Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: jsarber@carrallison.com
Secondary Email:
dreed@carrallison.com
Secondary Email:
dwhite@carrallison.com
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Glen B. Levine
Evan Gusky
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 523-0050
Primary Email: pleadings@anl-law.com
Attorneys for Plaintiff

*/s/ Dara M. Reed*
L. Johnson Sarber, III
Dara M. Reed
*Attorneys for Defendant*