IN THE CIRCUIT COURT, THIRD
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.   16-2023-CA-002079

MARVIN DAN ROBERSON, JR.,

        Plaintiff,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI,

        Defendants.

_____

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

Defendants, VNK TRANSPORTATION, INC. and MICHAEL KAPANZHI ("Defendants"), by and through undersigned counsel, answers the Complaint and asserts the following affirmative defenses:

1. For jurisdictional purposes only, Defendant acknowledges that Plaintiff, Marvin Dan Roberson, Jr. ("Plaintiff"), has alleged that this is an action for damages in excess of $50,000.00, exclusive of costs, interest, and attorney's fees. Otherwise denied. Defendant further denies Plaintiff is entitled to any costs, interest, or attorneys' fees.

2. Defendants are without knowledge of the allegation in Paragraph 2. Therefore, the allegation is Paragraph 2 are denied.

3. Defendants admit that Defendant VNK Transportation, Inc is a foreign corporation. Otherwise, the remaining allegations are denied.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit that Duval County is a proper venue for this action. However, Defendants deny that Duval County is the only proper venue and Defendants do not waive their right to remove this case to Federal Court to transfer this case to a more proper venue.

6. Defendants are without knowledge of the allegations of Paragraph 6. Therefore, the allegations in Paragraph 6 are denied.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit that Defendant Michael Kapanzhi was operating Defendant VNK Transportation, Inc's truck with the permission and consent of VNK Transportation Inc. All the remaining allegations in Paragraph 8 are denied.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

## COUNT I --NEGLIGENCE AGAINST MICHAEL KAPANZHI

Defendants re-allege those answers contain within paragraphs 1- 10 above, and incorporates them herein by reference, and further states:

11. Defendants admit that Michael Kapanzhi operated the subject vehicle with the knowledge and consent of Defendant VNK Transportation, Inc. All other allegations in Paragraph 11 are denied.

12. Defendants admit that Michael Kapanzhi owed certain duties under Florida law. Otherwise, all other allegations are denied.

13. Defendants deny the allegation in Paragraph 13.

## COUNT II – NEGLIGENCE AGAINST VNK TRANSPORATION, INC.

Defendants re-allege those answers contain within paragraphs 1- 13 above, and incorporates them herein by reference, and further states:

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, including all subparts.

22. Defendants deny the allegations in Paragraph 22.

### COUNT III -- RESPONDEAT SUPERIOR-- NEGLIGENCE AGAINST VNK TRANSPORATION, INC.

Defendants re-allege those answers contain within paragraphs 1- 22 above, and incorporates them herein by reference, and further states:

23. Defendants admit the allegation in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that VNK Transport, Inc. is vicariously responsible for the acts of Defendant Michael Kapanzhi, but denied that Defendant Michael Kapanzhi was negligent.

26. Defendants deny the allegations in Paragraph 26.

## DENIAL OF ALL REQUESTS FOR RELIEF

Defendants deny all allegations not specifically admitted herein. Defendants also deny all requests for relief, including any requests contained in any ad damnum clause, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses, some of which may be affirmative defenses. Discovery and investigation are ongoing. Accordingly, Defendants reserve the right to amend or supplement their Answer to assert such additional affirmative defenses and/or applicable conditions and limitations as may become apparent during the continuing course of discovery and investigation in this action. Furthermore, Defendants reserve the right to withdraw any affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

At the time and place alleged in the Complaint, Plaintiff was guilty of negligence which solely caused or proximately contributed to cause the accident and damages complained of and which serves to bar or comparatively reduce any damages which may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to a set off for all collateral source payments paid or to be paid to or on behalf of Plaintiff. Furthermore, Plaintiff is only entitled to recover the amount of medical expenses actually paid to and accepted by the health/medical providers and Plaintiff is barred from recovery of any medical care expense above and beyond those contracted for and accepted by the health/medical providers and/or any health/medical expenses which have been written off by the health/medical providers.

### FORTH AFFIRMATIVE DEFENSE

These Defendants are entitled to a set-off for all collateral source payments paid or to be paid to or on behalf of Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that any damages awarded to Plaintiff are subject to apportionment pursuant to section 768.81, Florida Statutes, and *Fabre v. Marin*, 623 So. 2d 782 (Fla. 1993). Pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Defendant will seek to amend these Affirmative Defenses as soon as practical upon identifying any potential non-party Fabre Defendant. Defendants hereby provide notice of its intent to include on the Verdict form all persons or entities shown during discovery or investigation to have been at fault, in whole or in part, for the damages alleged to have been suffered by Plaintiff, including any party identified as a co-defendant in this case. Any and all other at-fault persons or entities are unknown to Defendants and investigation and discovery are ongoing.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of were the result of a superseding and/or intervening cause, which was unforeseeable to Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants state that any injuries claimed by Plaintiff were pre-existing or caused by other incidents or medical conditions, and therefore, Defendant has no liability for causation of same.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses and applicable portions of Chapter 2023-15, Laws of Fla. (Committee Substitute for Committee Substitute for House Bill No. 837) (effective March 24, 2023) to this case.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from submitting evidence in support of the amount of damages for past or future medical treatment or services that fail to comply with the requirements of section 768.0427, Florida Statutes.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(3), Florida Statutes, certain disclosures of letters of protection are required as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection. To the extent Plaintiff is asserting such a claim, Plaintiff has failed to comply with this statutory condition precedent and thus any such claim fails.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to section 781.81(6), Florida Statutes, to the extent Plaintiff is more than fifty percent at fault for his or her own harm, Plaintiff may not recover any damages.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(4), Florida Statutes, Plaintiff's "damages that may be recovered . . . for the reasonable and necessary cost or value of medical care rendered may not include any amount in excess of the evidence of medical treatment and services expenses admitted pursuant to [section 768.0427(2), Florida Statutes], and also may not exceed the sum of the following:

- (a) Amounts actually paid by or on behalf of [Plaintiff] to a health care provider who rendered medical treatment or services;
- (b) Amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and
- (c) Amounts necessary to provide for any reasonable and necessary medical treatment or services the claimant will receive in the future."

*CERTIFICATE OF SERVICE ON FOLLOWING PAGE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June, 2023, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Glen B. Levine
Evan Gusky
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Fort Lauderdale, Florida 3316
Telephone: (954) 523-0050
Primary Email: pleadings@anl-law.com
*Attorneys for Plaintiff*

/s/ Dara M. Reed
L. Johnson Sarber, III
Florida Bar No. 0104116
Dara M. Reed
Florida Bar No. 0123957
CARR ALLISON
The Truist Tower
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: jsarber@carrallison.com
Email: dreed@carrallison.com
Secondary Email: jgrosskruger@carrallison.com
*Attorneys for Defendants*