

**DUVAL**
COUNTY

**JODY PHILLIPS**
*CLERK OF THE CIRCUIT COURT*



**FLORIDA'S CLERKS OF COURT AND COMPTROLLERS**
Bring You

**ccis** COMPREHENSIVE CASE INFORMATION SYSTEM

cpexaloser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 162023CA002079XXXXMA [162023CA002079XXXXMA] | 03/18/2023 | | DUVAL | Auto Negligence Case | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 03/18/2023 | Auto Negligence Case | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| WALLACE, WADDELL ARLIE III | JUDGE | | |
| Levine, Glen B | ATTORNEY | | |
| ROBERSON, MARVIN D | PLAINTIFF | LEVINE, GLEN BARRY | 144355 |
| VNK TRANSPORTATION, INC. | DEFENDANT | | |
| KAPANZHI, MICHAEL | DEFENDANT | | |

### Dockets

Page : 1     ALL ∨

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 27 | 06/12/2023 | REQUEST TO PRODUCE - PLTF TO DEFT VNK TRANSPORTATION, INC | 3 |
| | 26 | 06/12/2023 | REQUEST TO PRODUCE - PLTF TO DEFT MICHAEL KAPANZHI | 2 |
| | 25 | 06/12/2023 | REQUEST FOR ADMISSIONS - PLTF TO DEFT VNK TRANSPORTATION, INC | 2 |
| | 24 | 06/12/2023 | REQUEST FOR ADMISSIONS - PLTF TO DEFT MICHAEL KAPANZHI | 2 |
| | 23 | 06/12/2023 | NOTICE OF SERVICE OF INTERROGATORIES - PLTF TO DEFT VNK TRANSPORTATION, INC | 1 |
| | 22 | 06/12/2023 | NOTICE OF SERVICE OF INTERROGATORIES - PLTF TO DEFT MICHAEL KAPANZHI | 1 |
| | 15 | 06/08/2023 | MOTION FOR EXTENSION OF TIME (PLAITNIFF'S) TO RESPOND TO DEFENDANT'S DISCOVERY | 2 |
| | 14 | 06/06/2023 | REQUEST TO PRODUCE (DEFTS FIRST) TO PLTF | 5 |
| | 13 | 06/06/2023 | NOTICE OF SERVING ANSWERS TO INTERROGATORIES DEFTS FIRST SET TO PLTF | 2 |
| | 12 | 06/05/2023 | ANSWER AND AFFIRMATIVE DEFENSES (DEFTS) | 7 |
| | 11 | 05/15/2023 | CASE FEES PAID: $10.00 ON RECEIPT NUMBER 4462265 | 1 |
| | 10 | 05/11/2023 | SUMMONS ISSUED TO VNK TRANSPORTATION, INC. | 3 |
| | 9 | 05/08/2023 | AMENDED ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES | 8 |
| | 8 | 05/02/2023 | CASE FEES PAID: $20.00 ON RECEIPT NUMBER 4394241 | 1 |
| | 7 | 04/28/2023 | SUMMONS ISSUED TO MICHAEL KAPANZHI | 3 |
| | 6 | 04/28/2023 | SUMMONS ISSUED TO VNK TRANSPORTATION, INC. | 3 |
| | 5 | 03/21/2023 | ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES | 9 |
| | 4 | 03/21/2023 | CASE FEES PAID: $401.00 ON RECEIPT NUMBER 4359000 | 1 |
| | 3 | 03/18/2023 | COMPLAINT | 6 |
| | 2 | 03/18/2023 | COVER SHEET | 3 |
| | 1 | 03/18/2023 | AUTO NEGLIGENCE CASE | |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

Filing # 169027129 E-Filed 03/18/2023 11:13:17 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>DUVAL</u>  COUNTY, FLORIDA

<u>Marvin Dan Roberson</u>
Plaintiff

Case # _____

Judge   _____

vs.

<u>VNK Transportation, Inc., Michael Kapanzhi</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/21/2023 09:41:23 AM

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☒ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☐ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

  <u>3</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Glen Barry Levine</u>       Fla. Bar # <u>144355</u>
      Attorney or party             (Bar # if attorney)

<u>Glen Barry Levine</u>       <u>03/18/2023</u>
(type or print name)         Date

Filing # 169027129 E-Filed 03/18/2023 11:13:17 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

MARVIN DAN ROBERSON, JR.,

      Plaintiff,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI, an
individual,

      Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARVIN DAN ROBERSON, JR., by and through the

undersigned counsel, and hereby sues the Defendants, VNK TRANSPORTATION, INC., a

Foreign Corporation, and MICHAEL KAPANZHI, and alleges as follows:

## GENERAL ALLEGATIONS

1.     This is an action for damages in excess of fifty thousand dollars ($50,000.00)

exclusive of interest, costs, and attorneys' fees.

2.     At all times material hereto, the Plaintiff, MARVIN DAN ROBERSON, JR., was

and is an individual in Nassau County, Florida.

3.     At all times material hereto, the Defendant, VNK TRANSPORTATION, INC., is

a Foreign Corporation doing, substantial and not isolated business in the State of Florida, including

Jacksonville, Duval County, Florida.

4.     At all times material hereto, Defendant MICHAEL KAPANZHI, was an individual

residing in Taylor, South Carolina.

1

5. Venue is proper in Duval County as the subject incident occurred in Duval County, Florida.

6. At all times material hereto, the Plaintiff was driving a 2018 Ford, VIN# 1FTEW1E54JFE74126.

7. At all times material hereto, Defendant, MICHAEL KAPANZHI, an individual, was the driver and/or operator of a certain truck owned by Defendant VNK TRANSPORTATION, INC. bearing VIN # 1XKAD49X3EJ391408 (hereinafter "Defendant's truck").

8. On or about October 4, 2021, Defendant MICHAEL KAPANZHI operated and/or drove Defendant's truck, with the permission and consent of VNK TRANSPORTATION, INC., on northbound I-259 near I-95, changing from the outside lane to the inside lane of travel, in Jacksonville, Duval County, Florida.

9. At that same time and place, Plaintiff MARVIN DAN ROBERSON, JR. was driving his vehicle northbound I-259 near I-95, in the inside lane of travel.

10. At that time and place, Defendant MICHAEL KAPANZHI negligently operated and/or maintained Defendant's truck so that it collided with Plaintiff's vehicle.

## COUNT I – NEGLIGENCE AGAINST MICHAEL KAPANZHI

Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraphs 1 through 10 as if they were fully set forth herein and further alleges:

11. At all times material hereto, Defendant MICHAEL KAPANZHI, with the full knowledge and consent of Defendant VNK TRANSPORTATION, INC., owned, operated, leased, and/or maintained Defendant's truck for use in business.

12. At all times material hereto, Defendant MICHAEL KAPANZHI owed a duty to operate Defendant's truck in a reasonably safe manner.

2

13. As a direct and proximate result of Defendant MICHAEL KAPANZHI's aforementioned negligence, the Plaintiff, MARVIN DAN ROBERSON, JR., suffered bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future. Further, Plaintiff MARVIN DAN ROBERSON, JR. suffered physical damage to his automobile, storage costs, and loss of use of the same due to Defendant MICHAEL KAPANZHI's negligence.

WHEREFORE, the Plaintiff, MARVIN DAN ROBERSON, JR., demands judgment against the Defendant, MICHAEL KAPANZHI, for damages, costs and any other relief this court may deem appropriate. *Trial by jury is demanded as to all issues so triable by right.*

### COUNT II – NEGLIGENCE AGAINST VNK TRANSPORTATION, INC.

Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraphs 1 through 10 and 11 through 13 as if they were fully set forth herein and further alleges:

14. At all times material hereto, Defendant VNK TRANSPORTATION, INC. owned, operated, leased, and/or maintained Defendant's truck for use in its business.

15. At the above listed location, Defendant MICHAEL KAPANZHI negligently operated or maintained Defendant's truck so that it collided with Plaintiff's vehicle.

16. At all times material hereto, Defendant MICHAEL KAPANZHI was an agent, servant, or employee of Defendant VNK TRANSPORTATION, INC.

17. At all times material hereto, Defendant MICHAEL KAPANZHI was employed by Defendant VNK TRANSPORTATION, INC. as a Truck Driver and/or Truck Operator.

3

18.    All acts, omissions, and negligence alleged against Defendant MICHAEL KAPANZHI herein were committed in the course and scope of an agent, servant or employee relationship with Defendant VNK TRANSPORTATION, INC.

19.    In the alternative, Defendant VNK TRANSPORTATION, INC. ratified Defendant MICHAEL KAPANZHI's acts, omissions or negligence at a later time.

20.    Defendant MICHAEL KAPANZHI's operation of Defendant's truck at the time of the subject incident was with the authority and/or permission of Defendant VNK TRANSPORTATION, INC.

21.    As the owner of Defendant's truck, Defendant VNK TRANSPORTATION, INC., is responsible for the following:

   a. The acts, omissions, and negligence of MICHAEL KAPANZHI, who was driving Defendant's truck with VNK TRANSPORTATION, INC.'s permission and consent;

   b. The accident of October 4, 2021, described above;

   c. The operation of Defendant's truck pursuant to the Dangerous Instrumentality Doctrine; and

   d. The injuries, damages and losses set forth in the following paragraphs.

22.    As a direct and proximate result of Defendant VNK TRANSPORTATION, INC.'s negligence, individually and through its agent, servant or employee, Defendant MICHAEL KAPANZHI, the Plaintiff, MARVIN DAN ROBERSON, JR., suffered bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future. Further, Plaintiff MARVIN DAN

ROBERSON, JR. suffered physical damage to her automobile, storage costs, and loss of use of the same due to Defendant VNK TRANSPORTATION, INC.'s negligence, individually and through its agent, servant or employee, Defendant MICHAEL KAPANZHI.

WHEREFORE, the Plaintiff, MARVIN DAN ROBERSON, JR., demands judgment against the Defendant, VNK TRANSPORTATION, INC., for damages, costs and any other relief this court may deem appropriate. ***Trial by jury is demanded as to all issues so triable by right.***

### COUNT III – RESPONDEAT SUPERIOR – NEGLIGENCE AGAINST VNK TRANSPORTATION, INC.

Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraphs 1 through 10, 11 through 13, and 14 through 22 as if they were fully set forth herein and further alleges:

23.     At all times material hereto, Defendant MICHAEL KAPANZHI was an employee, agent or representative of Defendant VNK TRANSPORTATION, INC.

24.     At all times material hereto, Defendant MICHAEL KAPANZHI, as the driver and/or operator of Defendant's truck, was acting within the course and scope of his employment for Defendant VNK TRANSPORTATION, INC.

25.     Defendant VNK TRANSPORTATION, INC. is vicariously liable for the above-mentioned negligent actions and loss caused by Defendant MICHAEL KAPANZHI under the doctrine of Respondeat Superior.

26.     As a direct and proximate result of Defendant VNK TRANSPORTATION, INC.'s negligence, the Plaintiff, MARVIN DAN ROBERSON, JR., suffered bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and aggravation of a pre-existing condition. The losses are either permanent or

continuing and the Plaintiff will suffer the losses in the future. Further, Plaintiff MARVIN DAN ROBERSON, JR. suffered physical damage to her automobile, storage costs, and loss of use of the same due to Defendant VNK TRANSPORTATION, INC.'s negligence.

WHEREFORE, the Plaintiff, MARVIN DAN ROBERSON, JR., demands judgment against the Defendant, VNK TRANSPORTATION, INC., for damages, costs and any other relief this court may deem appropriate. *Trial by jury is demanded as to all issues so triable by right*.

In compliance with Rule 2.516 all pleadings in this cause shall be served on the undersigned by e-mail to pleadings@anl-law.com.

DATED this 18th day of March, 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
Attorneys for Plaintiff
300 SE 17th Street
Fort Lauderdale, FL 33316
Tel: (954) 525-0050/Fax: (954) 525-0020
pleadings@anl-law.com

By:    /s/ Glen B. Levine
GLEN B. LEVINE, ESQ.
FBN: 0144355
ELIE ANIDJAR, ESQ.
FBN: 932191

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES FLORIDA

MARVIN DAN ROBERSON        CASE NO.: 16-2023-CA-002079-XXXX-MA

   Plaintiff(s)              DIVISION: CV-A (CIRCUIT COURT)

v.
VNK TRANSPORTATION, INC.
Defendant(s).
_____/

## **ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES**

      This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. ***Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.***

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation ***and*** Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on 21st of March, 2023.

*Waddmq. Wamaq*

**CIRCUIT JUDGE**

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.**
**ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.**

Attachment

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

### ADMINISTRATIVE ORDER NO. 2023-05

**IN RE:**   **CIVIL CASE MANAGEMENT AND RESOLUTION OF NON-COMPLEX CASES FILED IN CIRCUIT COURT**

**WHEREAS**, on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

**WHEREAS**, the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS**, the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

**WHEREAS**, the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

**WHEREAS**, this Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended

Doc # 2023040216, OR BK 20596 Page 2187.
Number Pages: 6
Recorded 03/01/2023 11:11 AM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL COUNTY
RECORDING $0.00

Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved.

**NOW THEREFORE,** by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED:**

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1). For cases filed in Clay County, the plaintiff shall provide a copy of the Order Setting Case Management Plan for Non-Complex Cases to the presiding judge upon filing thereof."

2. The plaintiff shall serve the Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Order Setting Case for Trial and Pretrial Conference.

8. To avoid confusion and inefficiency in judicial administration, this Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after this Administrative Order is issued require compliance.

9. This Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this _____ *1st* _____ day of *March*, 2023.

**MARK H. MAHON**
**CHIEF JUDGE**

Attachment 1: Order Setting Case Management Plan

cc:     All Judges in the Fourth Judicial Circuit
        All Magistrates in the Fourth Judicial Circuit
        The Honorable Steven Whittington, Administrative Judge, Clay County
        The Honorable James Daniel, Administrative Judge, Nassau County
        The Honorable Jody Phillips, Clerk of Court, Duval County
        The Honorable Tara S. Green, Clerk of Court, Clay County
        The Honorable John A. Crawford, Clerk of Court, Nassau County
        The Honorable Jason R. Teal, General Counsel, City of Jacksonville
        Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
        Claude T. Colvin, Deputy Trial Court Administrator
        Mike Smith, Court Technology Officer
        Cecilia F. Birk, Court Counsel
        Judicial Staff Attorneys, Fourth Judicial Circuit
        Fourth Judicial Circuit Law Library, Duval County
        The Jacksonville Bar Association
        Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
        Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
        Laura Lentini, Assistant to Court Counsel
        Jacksonville Bar Association
        Clay County Bar Association
        Nassau County Bar Association

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL, CLAY, AND
NASSAU COUNTIES FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION:

v.

Defendant(s).

_____ /

## ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED:**

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases, and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20___.

_____

**CIRCUIT JUDGE**

2

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

      Defendants.

_____/

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

## SUMMONS
## PERSONAL SERVICE ON A CORPORATION

THE STATE OF FLORIDA:
To:    All and Singular Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons with the Complaint, Interrogatories, Request for Admissions and Request for Production or petition in this action on Defendant:

**TO DEFENDANT:**        **VNK TRANSPORTATION, INC.**

**BY SERVING:**        **REGISTERED AGENT:**
                        **VICTOR KUDRYN**
                        **7 PINEAPPLE DRIVE**
                        **PALM COAST, FLORIDA 32164**

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiffs' Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legamente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin pravio aviso del tribunal. Existen ortros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no concocea un abogado, puede llamar a una de las oficinasde asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante a Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous resquez de perdre l a cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff(s) Attorney:
GLEN B. LEVINE, ESQUIRE
Florida Bar No.: 0144355
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Ft. Lauderdale, Florida 33316
Phone: (954) 525-0050

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint/petition in this lawsuit, Initial Set of Interrogatories, Request for Admissions and a Request for Production on the above named defendant(s).

DATED ON   05/02/2023                    2023.

Jody Phillips
As Clerk of said Court

(Court Seal)

By: _Christine Kent_
Deputy Clerk

Filing # 172691157 E-Filed 05/08/2023 06:11:50 PM

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

DIVISION: CV-A

Plaintiff(s)

v.

Defendant(s).

_____/

## AMENDED ORDER SETTING CASE MANAGEMENT PLAN
## FOR NON-COMPLEX CASES

     This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 05/08/2023 06:12:02 PM

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on Monday, April 24, 2023.

**CIRCUIT ADMIN JUDGE, WADDELL WALLCE**

2

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

# IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

## SECOND AMENDED ADMINISTRATIVE ORDER NO. 2023-05

**IN RE:** **CIVIL CASE MANAGEMENT AND RESOLUTION OF NON-COMPLEX CASES FILED IN CIRCUIT COURT**

**WHEREAS,** on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

**WHEREAS,** the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS,** the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

**WHEREAS,** Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

**WHEREAS,** Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

**WHEREAS,** the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

Doc # 2023089535, OR BK 20666 Page 1657,
Number Pages: 5
Recorded 05/03/2023 01:40 PM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING $0.00

**WHEREAS**, this Second Amended Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved; and

**WHEREAS**, Paragraph 1 of the Amended Administrative Order No. 2023-05, is amended to remove the requirement relating to filing a complaint only in Clay County.

**NOW THEREFORE**, by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED**:

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Amended Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1).

2. The plaintiff shall serve the Amended Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Amended Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Amended Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Amended Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Amended Order Setting Case for Trial and Pretrial Conference.

8. To avoid confusion and inefficiency in judicial administration, this Second Amended Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after March 1, 2023, require compliance.

9. For cases filed on or after March 1, 2023, pursuant to Administrative Order No. 2023-05, the deadlines as specified in amended Paragraph 6 of the Amended Order Setting Case Management Plan as articulated in this Amended Administrative Order No. 2023-05 are effective *nunc pro tunc* to March 1, 2023.

10. This Second Amended Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this 3ʳᵈ day of May 2023.

**MARK H. MAHON**
**CHIEF JUDGE**


Attachment 1: Order Setting Case Management Plan

cc:    All Judges in the Fourth Judicial Circuit
All Magistrates in the Fourth Judicial Circuit
The Honorable Steven Whittington, Administrative Judge, Clay County
The Honorable James Daniel, Administrative Judge, Nassau County
The Honorable Jody Phillips, Clerk of Court, Duval County
The Honorable Tara S. Green, Clerk of Court, Clay County
The Honorable John A. Crawford, Clerk of Court, Nassau County
The Honorable Jason R. Teal, General Counsel, City of Jacksonville
Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
Claude T. Colvin, Deputy Trial Court Administrator
Mike Smith, Court Technology Officer
Cecilia F. Birk, Court Counsel
Judicial Staff Attorneys, Fourth Judicial Circuit
Fourth Judicial Circuit Law Library, Duval County
Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
Laura Lentini, Assistant to Court Counsel
Jacksonville Bar Association
Clay County Bar Association
Nassau County Bar Association

ATTACHMENT 1

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION:

v.

Defendant(s).

_____ /

## AMENDED ORDER SETTING CASE MANAGEMENT PLAN
## FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
| --- | --- |
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20__.

_____
**CIRCUIT JUDGE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

      Defendants.

_____/

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

## SUMMONS
## PERSONAL SERVICE ON A CORPORATION

THE STATE OF FLORIDA:

To:    All and Singular Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons with the Complaint, Interrogatories, Request for Admissions and Request for Production or petition in this action on Defendant:

**TO DEFENDANT:**      **VNK TRANSPORTATION, INC.**

**BY SERVING:**      **REGISTERED AGENT:**

                        **701 DEPOT STREET**
                        **CAMPOBELLO, SC 29322**

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiffs' Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legamente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin pravio aviso del tribunal. Existen ortros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no concocea un abogado, puede llamar a una de las oficinasde asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante a Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous resquez de perdre l a cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff(s) Attorney:
GLEN B. LEVINE, ESQUIRE
Florida Bar No.: 0144355
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Ft. Lauderdale, Florida 33316
Phone: (954) 525-0050

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint/petition in this lawsuit, Initial Set of Interrogatories, Request for Admissions and a Request for Production on the above named defendant(s).

DATED ON ___05/15/2023___ 2023.

Jody Phillips
As Clerk of said Court

(Court Seal)

By: *Christine Kent*
Deputy Clerk



**JODY PHILLIPS**

**RECEIPT**
4402255

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
05/15/2023 08:48
Page 1 of 1

| Receipt Number: 4402255 - Date 05/15/2023 Time 8:48AM | | | |
|---|---|---|---|
| **Received of:** | Anidjar Levine 3380 N 36th Place Hollywood, FL 33021 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 7768796 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-A(Circuit Court) | | |

| Case# 16-2023-CA-002079-XXXX-MA -- PLAINTIFF: ROBERSON, MARVIN DAN | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 7656128 | 10.00 |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts Duval County, Florida** 501 West Adams Street Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex** 1543 Atlantic Blvd Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT, THIRD
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.    16-2023-CA-002079

MARVIN DAN ROBERSON, JR.,

        Plaintiff,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI,

        Defendants.

_____

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

Defendants, VNK TRANSPORTATION, INC. and MICHAEL KAPANZHI ("Defendants"), by and through undersigned counsel, answers the Complaint and asserts the following affirmative defenses:

1.     For jurisdictional purposes only, Defendant acknowledges that Plaintiff, Marvin Dan Roberson, Jr. ("Plaintiff"), has alleged that this is an action for damages in excess of $50,000.00, exclusive of costs, interest, and attorney's fees. Otherwise denied. Defendant further denies Plaintiff is entitled to any costs, interest, or attorneys' fees.

2.     Defendants are without knowledge of the allegation in Paragraph 2. Therefore, the allegation is Paragraph 2 are denied.

3.     Defendants admit that Defendant VNK Transportation, Inc is a foreign corporation. Otherwise, the remaining allegations are denied.

4.     Defendants admit the allegations in Paragraph 4.

5. Defendants admit that Duval County is a proper venue for this action. However, Defendants deny that Duval County is the only proper venue and Defendants do not waive their right to remove this case to Federal Court to transfer this case to a more proper venue.

6. Defendants are without knowledge of the allegations of Paragraph 6. Therefore, the allegations in Paragraph 6 are denied.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit that Defendant Michael Kapanzhi was operating Defendant VNK Transportation, Inc's truck with the permission and consent of VNK Transportation Inc. All the remaining allegations in Paragraph 8 are denied.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

## COUNT I --NEGLIGENCE AGAINST MICHAEL KAPANZHI

Defendants re-allege those answers contain within paragraphs 1- 10 above, and incorporates them herein by reference, and further states:

11. Defendants admit that Michael Kapanzhi operated the subject vehicle with the knowledge and consent of Defendant VNK Transportation, Inc. All other allegations in Paragraph 11 are denied.

12. Defendants admit that Michael Kapanzhi owed certain duties under Florida law. Otherwise, all other allegations are denied.

13. Defendants deny the allegation in Paragraph 13.

## COUNT II – NEGLIGENCE AGAINST VNK TRANSPORATION, INC.

Defendants re-allege those answers contain within paragraphs 1- 13 above, and incorporates them herein by reference, and further states:

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, including all subparts.

22. Defendants deny the allegations in Paragraph 22.

## COUNT III -- RESPONDEAT SUPERIOR-- NEGLIGENCE AGAINST VNK TRANSPORATION, INC.

Defendants re-allege those answers contain within paragraphs 1- 22 above, and incorporates them herein by reference, and further states:

23. Defendants admit the allegation in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that VNK Transport, Inc. is vicariously responsible for the acts of Defendant Michael Kapanzhi, but denied that Defendant Michael Kapanzhi was negligent.

26. Defendants deny the allegations in Paragraph 26.

## DENIAL OF ALL REQUESTS FOR RELIEF

Defendants deny all allegations not specifically admitted herein. Defendants also deny all requests for relief, including any requests contained in any ad damnum clause, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses, some of which may be affirmative defenses. Discovery and investigation are ongoing. Accordingly, Defendants reserve the right to amend or supplement their Answer to assert such additional affirmative defenses and/or applicable conditions and limitations as may become apparent during the continuing course of discovery and investigation in this action. Furthermore, Defendants reserve the right to withdraw any affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

At the time and place alleged in the Complaint, Plaintiff was guilty of negligence which solely caused or proximately contributed to cause the accident and damages complained of and which serves to bar or comparatively reduce any damages which may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to a set off for all collateral source payments paid or to be paid to or on behalf of Plaintiff. Furthermore, Plaintiff is only entitled to recover the amount of medical expenses actually paid to and accepted by the health/medical providers and Plaintiff is barred from recovery of any medical care expense above and beyond those contracted for and accepted by the health/medical providers and/or any health/medical expenses which have been written off by the health/medical providers.

## FORTH AFFIRMATIVE DEFENSE

These Defendants are entitled to a set-off for all collateral source payments paid or to be paid to or on behalf of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert that any damages awarded to Plaintiff are subject to apportionment pursuant to section 768.81, Florida Statutes, and *Fabre v. Marin*, 623 So. 2d 782 (Fla. 1993). Pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Defendant will seek to amend these Affirmative Defenses as soon as practical upon identifying any potential non-party Fabre Defendant. Defendants hereby provide notice of its intent to include on the Verdict form all persons or entities shown during discovery or investigation to have been at fault, in whole or in part, for the damages alleged to have been suffered by Plaintiff, including any party identified as a co-defendant in this case. Any and all other at-fault persons or entities are unknown to Defendants and investigation and discovery are ongoing.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of were the result of a superseding and/or intervening cause, which was unforeseeable to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants state that any injuries claimed by Plaintiff were pre-existing or caused by other incidents or medical conditions, and therefore, Defendant has no liability for causation of same.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses and applicable portions of Chapter 2023-15, Laws of Fla. (Committee Substitute for Committee Substitute for House Bill No. 837) (effective March 24, 2023) to this case.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from submitting evidence in support of the amount of damages for past or future medical treatment or services that fail to comply with the requirements of section 768.0427, Florida Statutes.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(3), Florida Statutes, certain disclosures of letters of protection are required as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection. To the extent Plaintiff is asserting such a claim, Plaintiff has failed to comply with this statutory condition precedent and thus any such claim fails.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to section 781.81(6), Florida Statutes, to the extent Plaintiff is more than fifty percent at fault for his or her own harm, Plaintiff may not recover any damages.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to section 768.0427(4), Florida Statutes, Plaintiff's "damages that may be recovered . . . for the reasonable and necessary cost or value of medical care rendered may not include any amount in excess of the evidence of medical treatment and services expenses admitted pursuant to [section 768.0427(2), Florida Statutes], and also may not exceed the sum of the following:

(a)     Amounts actually paid by or on behalf of [Plaintiff] to a health care provider who rendered medical treatment or services;

(b)     Amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and

(c)     Amounts necessary to provide for any reasonable and necessary medical treatment or services the claimant will receive in the future."

*CERTIFICATE OF SERVICE ON FOLLOWING PAGE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2023, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Glen B. Levine
Evan Gusky
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Fort Lauderdale, Florida 3316
Telephone: (954) 523-0050
Primary Email: pleadings@anl-law.com
*Attorneys for Plaintiff*

/s/ Dara M. Reed
L. Johnson Sarber, III
Florida Bar No. 0104116
Dara M. Reed
Florida Bar No. 0123957
CARR ALLISON
The Truist Tower
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: jsarber@carrallison.com
Email: dreed@carrallison.com
Secondary Email: jgrosskruger@carrallison.com
*Attorneys for Defendants*

IN THE CIRCUIT COURT, THIRD
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.    16-2023-CA-002079

MARVIN DAN ROBERSON, JR.,

        Plaintiff,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI,

        Defendants.

_____

### NOTICE OF SERVING DEFENDANTS FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendants, VNK TRANSPORTATION, INC. and MICHAEL KAPANZHI, gives notice of

serving Defendant's First Set of Interrogatories to Plaintiff, MARVIN DAN ROBERSON, JR.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2023, I electronically filed the foregoing

with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via

electronic mail:

> Glen B. Levine
> Evan Gusky
> LAW OFFICES OF ANIDJAR & LEVINE, P.A.
> 300 SE 17th Street
> Fort Lauderdale, Florida 3316
> Telephone: (954) 523-0050
> Primary Email: pleadings@anl-law.com
> *Attorneys for Plaintiff*

/s/ Dara M. Reed
L. Johnson Sarber, III
Florida Bar No. 0104116
Dara M. Reed
Florida Bar No. 0123957
CARR ALLISON
The Truist Tower
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202

Telephone: (904) 328-6456
Facsimile:  (904) 328-6473
Email:  jsarber@carrallison.com
Email:  dreed@carrallison.com
Secondary Email: jgrosskruger@carrallison.com
*Attorneys for Defendants*

IN THE CIRCUIT COURT, THIRD
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.    16-2023-CA-002079

MARVIN DAN ROBERSON, JR.,

Plaintiff,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI,

Defendants.

---

## DEFENDANTS FIRST REQUEST TO PRODUCE TO PLAINTIFF

Defendants VNK TRANSPORTATION, INC. and MICHAEL KAPANZHI ("Defendants"),
pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests that Plaintiff produce the
following documents for inspection, copying, or photographing at the offices of **CARR ALLISON**
within thirty (30) days from the date hereof:

1.     All medical and hospital bills, including prescription bills, claimed to have been
incurred as a result of the injuries or conditions sustained in this cause by Plaintiff.

2.     All claim forms or medical reports submitted on Plaintiff's behalf under medical
payments or personal injury protection coverage of any insurance policy.

3.     All medical reports, opinions, records and any other written documents from
doctors, nurses, other medical practitioners, hospitals, medical facilities, or any other medical care
providers, relating to the evaluation and/or treatment of Plaintiff's injuries or conditions allegedly
received in the incident described in the Complaint.

4.     All "letters of protection" or the substantial equivalent, which have been entered
into between Plaintiff and/or Plaintiff's attorney and any health care provider.

5. All documents, reports, records, receipts, statements, notes, memoranda, and other similar documents, which support or document the amount of loss allegedly sustained from inability or diminished ability to earn a living as a result of the incident described in the Complaint.

6. Copies of all income tax returns filed by Plaintiff, jointly or individually, for the three tax years immediately prior to the date of the incident, and all income tax returns filed subsequent to the date of the incident, together with records of Plaintiff's earnings to date during this period.

7. All models, plats, maps, drawings, motion pictures, videotapes, and photographs depicting Plaintiff's claimed damages, the scene of the incident described in the Complaint, the occurrence of the incident, the vehicles involved in the incident, or any other fact or issue relevant to the allegations in the Complaint.

8. Copies of all statements, written or recorded, of any witness to the incident.

9. Any documents evidencing payment of medical bills or lost earnings by collateral sources.

10. All bills, statements or receipts relating to any non-medical expenses claimed as damages in this lawsuit.

11. Copies of Social Security computer printout reflecting the name and address of each employer who has ever withheld Social Security payments from the earnings of Plaintiff.

12. If you have ever served in the military, please identify which branch and provide copies of all documents, including but not limited to enlistment, separation, medical, duty rosters, and all other documents reflecting any military and/or VA records.

13. Copies of all documents reflecting any workers' compensation claim and/or injury you have reported, filed, or otherwise made known to any employer.

14. If Plaintiff was covered under a group health policy at the time of the incident alleged in the Complaint, a copy of the health insurance card.

15.     If Plaintiff has ever applied for unemployment benefits, a copy of any application or documents submitted for unemployment benefits upon which Plaintiff's based her claim for benefits.

16.     If Plaintiff has ever applied for disability benefits, copies of all documents submitted to and received from any third party for disability benefits.

17.     A legible copy of your motor vehicle driver's license and a copy of your social security card.

18.     Copies of all documents reflecting or evidencing any claimed losses, injuries, conditions, or damages as a result of the incident described in the Complaint.

19.     For each social networking account listed in response to the interrogatories, please provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, for the period of two (2) years prior to the date of incident to the present.

20.     For each cellular phone listed in the Interrogatories, please provide copies or screenshots of all photographs and videos associated with that account during the two (2) years prior to the date of the incident to the present.

21.     For each cellular phone listed in the Interrogatories, please provide copies or screenshots of the data from all fitness, health, or tracking applications associated with that account/phone during the (2) two years prior to the date of the incident to the present.

22.     For each cellular phone listed in the Interrogatories, please provide copies of any documentation outlining what calls and texts were made or received on the date of the incident for the period of two (2) hours before and two (2) hours after the time of the incident.

23.     All incident reports filed by Plaintiff for any purpose, including, but not limited to, reports to Plaintiff's employer(s) and/or insurance company regarding the incident, if applicable, or any other reports filled out by Plaintiff, which relate to the incident giving rise to this action.

24    Any and all documentation to include copies of the pleadings, responses to interrogatories, responses to request for production, deposition transcripts, releases and/or judgments involving Plaintiff from any other legal proceeding in which Plaintiff claimed personal injuries.

25.    All statements not protected by the attorney-client privilege, including but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of Plaintiff, or any of her agents, servants or employees relative to the incident and any other issue which involves the instant litigation.

26.    Any and all documents received from the provider of collateral sources, specifically, Defendant requests copies of statements asserting the collateral source provider's right to payment of collateral source benefits and right of subrogation or reimbursement, notification by the provider of collateral sources that no right of subrogation or reimbursement exists for the collateral sources paid, and/or notification by the collateral source provider of its intent to waive right of subrogation or reimbursement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2023, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Glen B. Levine
Evan Gusky
LAW OFFICES OF ANIDJAR & LEVINE, P.A.
300 SE 17th Street
Fort Lauderdale, Florida 3316
Telephone: (954) 523-0050
Primary Email: pleadings@anl-law.com
*Attorneys for Plaintiff*

/s/ Dara M. Reed
L. Johnson Sarber, III
Florida Bar No. 0104116

Dara M. Reed
Florida Bar No. 0123957
CARR ALLISON
The Truist Tower
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email:  jsarber@carrallison.com
Email:  dreed@carrallison.com
Secondary Email: jgrosskruger@carrallison.com
*Attorneys for Defendants*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR NASSAU
COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI, an
individual,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S DISCOVERY

      COMES NOW Plaintiff, MARVIN DAN ROBERSON, JR., by and through the undersigned counsel, and hereby files this Motion for Extension of Time to Respond to Discovery and in support thereof states:

      1.     On or about June 5, 2023, Defendant propounded Request for Production, and Interrogatories upon Plaintiff.

      2.     The undersigned counsel will require an additional time to respond to said discovery.

      3.     This motion is filed in good faith and not for the purposes of delay.

      4.     Rule 1.090(b) gives the Court liberal discretion to grant extensions and enlargements of time to respond to discovery.

      WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Extension of Time to Respond to Discovery and enter an order allowing the Plaintiff additional time to respond

to Defendant's Interrogatories to Plaintiff and Request for Production to Plaintiff, and grant any

further relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 9th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By: ___/s/ Arlen M. Weintraub_____
      ARLEN M. WEINTRAUB, ESQ.
      FBN 114144

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI, an
individual,

      Defendants.

_____/

## NOTICE OF SERVICE OF INITIAL INTERROGATORIES TO DEFENDANT MICHAEL KAPANZHI

COMES NOW, the Plaintiff, MARVIN DAN ROBERSON, JR, by and through the undersigned counsel, and files this Notice of Service of Initial Interrogatories to Defendant, MICHAEL KAPANZHI, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, and would request the Defendant to answer in writing and under oath, the attached Interrogatories within 30 days from the date of service hereof.

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By: ___*/s/ Arlen M. Weintraub*___
      ARLEN M. WEINTRAUB, ESQ.
      FBN 114144

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

      Defendants.

_____/

## NOTICE OF SERVICE OF INITIAL INTERROGATORIES TO DEFENDANT VNK TRANSPORTATION, INC.

COMES NOW, the Plaintiff, MARVIN DAN ROBERSON, JR, by and through the undersigned counsel, and files this Notice of Service of Initial Interrogatories to Defendant, VNK TRANSPORTATION, INC., pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, and would request the Defendant to answer in writing and under oath, the attached Interrogatories within 30 days from the date of service hereof.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By: ___*/s/ Arlen M. Weintraub*____
     ARLEN M. WEINTRAUB, ESQ.
     FBN 114144

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

        Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

        Defendants.

_____/

### PLAINTIFF'S, MARVIN DAN ROBERSON, JR, REQUEST FOR ADMISSIONS TO DEFENDANT, MICHAEL KAPANZHI

Plaintiff, MARVIN DAN ROBERSON, JR, by and through the undersigned counsel, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, files this Request for Admissions to Defendant, MICHAEL KAPANZHI, and requests said Defendant to admit or deny the following in accordance with Rule 1.370:

1.    Admit that on October 4, 2021, Defendant, MICHAEL KAPANZHI caused or contributed to the subject accident described in Plaintiff's Complaint.

2.    Admit that on October 4, 2021, Plaintiff did not cause or contribute to the subject accident.

3.    Admit that on October 4, 2021, Plaintiff sustained a permanent injury as a direct and proximate result of the subject accident.

4.    Admit that Plaintiff's medical treatment since the subject accident has been reasonable.

5.    Admit that Plaintiff's medical treatment since the subject accident has been necessary.

6.      Admit that Plaintiff's medical treatment since the subject accident has been related to the subject accident.

7.      Admit that on October 4, 2021, MICHAEL KAPANZHI negligently operated the vehicle described in Plaintiff's Complaint so as to collide with the vehicle being driven by Plaintiff, MARVIN DAN ROBERSON, JR.

8.      Admit that on October 4, 2021, the negligence of MICHAEL KAPANZHI caused the aforedescribed motor vehicle accident.

9.      Admit that there was nothing Plaintiff could have done to avoid the subject accident that occurred on October 4, 2021.

10.     Admit that at the time of the incident on October 4, 2021, you were operating and/or using the subject motor vehicle with the authority and/or permission of Defendant, VNK TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com: dreed@carrallison.com: jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By: ___*/s/ Arlen M. Weintraub* ___
      ARLEN M. WEINTRAUB, ESQ.
      FBN 114144

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

      Defendants.

_____/

### PLAINTIFF'S, MARVIN DAN ROBERSON, JR, REQUEST FOR ADMISSIONS TO DEFENDANT, VNK TRANSPORTATION, INC

Plaintiff, MARVIN DAN ROBERSON, JR, by and through the undersigned counsel, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, files this Request for Admission to Defendant, VNK TRANSPORTATION, INC, and requests said Defendant to admit or deny the following in accordance with Rule 1.370:

1.     Admit that on October 4, 2021, Defendant, VNK TRANSPORTATION, INC caused or contributed to the subject accident described in Plaintiff's Complaint.

2.     Admit that on October 4, 2021, Plaintiff did not cause or contribute to the subject accident.

3.     Admit that on October 4, 2021, Plaintiff sustained a permanent injury as a direct and proximate result of the subject accident.

4.     Admit that Plaintiff's medical treatment since the subject accident has been reasonable.

5.     Admit that Plaintiff's medical treatment since the subject accident has been necessary.

6.     Admit that Plaintiff's medical treatment since the subject accident has been related to the subject accident.

7.    Admit that on October 4, 2021, MICHAEL KAPANZHI, negligently operated the vehicle described in Plaintiff's Complaint so as to collide with the vehicle being driven by Plaintiff, MARVIN DAN ROBERSON, JR.

8.    Admit that on October 4, 2021, the negligence of MICHAEL KAPANZHI caused the aforedescribed motor vehicle accident.

9.    Admit that there was nothing Plaintiff could have done to avoid the subject accident that occurred on October 4, 2021.

10.    Admit that at the time of the incident on October 4, 2021, Defendant, VNK TRANSPORTATION, INC, was the owner of the motor vehicle driven by MICHAEL KAPANZHI that was involved in the subject motor vehicle accident.

11.    Admit that at the time of the incident on October 4, 2021, MICHAEL KAPANZHI was operating and/or using the subject motor vehicle with the authority and/or permission of the Defendant, VNK TRANSPORTATION, INC.

12.    Admit that MICHAEL KAPANZHI was terminated following the subject collision.

13.    Admit that MICHAEL KAPANZHI was required to undergo alcohol and/or drug testing following the subject collision.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By: ___*/s/ Arlen M. Weintraub*____
       ARLEN M. WEINTRAUB, ESQ.
       FBN 114144

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

     Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign Corporation, and MICHAEL KAPANZHI, an individual,

     Defendants.

_____/

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT, MICHAEL KAPANZHI

Plaintiff, MARVIN DAN ROBERSON, JR, by and through undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby files this First Request for Production to Defendant, MICHAEL KAPANZHI, and requests said Defendant produce the items listed below in accordance with Rule 1.350:

1. Any and all Policies of Insurance that you contend cover or may cover any Defendant for the allegations contained in Plaintiff's Complaint.

2. Any and all documents which support the Affirmative Defenses in your Answer.

3. Any and all reports of expert witnesses who will testify at time of trial pertaining to any issue involved in this lawsuit.

4. Any statements taken in connection with the above lawsuit.

5. Any and all models, plats, maps, drawings, motion pictures, video tapes, and color digital photographs pertaining to any fact or issue involved in the motor vehicle accident dated

October 4, 2021, including depicting the vehicles involved, the scene of the accident and/or any of the parties involved.

6.     A copy of the title and registration for the subject motor vehicle.

7.     A copy of your driver's license.

8.     Detailed cellular phone bill at the time of the accident, or in the alternative, please complete the attached Authorization for Release of Cellular Phone Records.

9.     Any materials you intend to use at trial to impeach the parties, their witnesses or experts, including impeachment material set forth in <u>Northup v. Acken</u>, 865 So. 2d 1267 (Fla. 2004).

10.     Any and all invoices and/or repair estimates of Plaintiff's motor vehicle pertaining to the subject accident.

11.     Any and all invoices and/or repair estimates and/or documents evidencing repairs of Defendant's motor vehicle pertaining to the subject accident.

12.     Any and all color photographs of Defendant's motor vehicle pertaining to the subject accident.

<b><u>CERTIFICATE OF SERVICE</u></b>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By:   */s/ Arlen M. Weintraub*
      ARLEN M. WEINTRAUB, ESQ.
      FBN 114144

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.: 2023-CA-2079

MARVIN DAN ROBERSON, JR.,

      Plaintiffs,

vs.

VNK TRANSPORTATION, INC., a Foreign
Corporation, and MICHAEL KAPANZHI, an
individual,

      Defendants.

_____/

## FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT, VNK TRANSPORTATION, INC.

      Plaintiff, MARVIN DAN ROBERSON, JR LBERG, by and through undersigned counsel,

and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby files this First Request for

Production to Defendant, VNK TRANSPORTATION, INC., and requests said Defendant produce

the items listed below in accordance with Rule 1.350:

      1.     Any and all Policies of Insurance that you contend cover or may cover any Defendant

for the allegations contained in Plaintiff's Complaint.

      2.     Any and all documents which support the Affirmative Defenses in your Answer.

      3.     Any and all reports of expert witnesses who will testify at time of trial pertaining to

any issue involved in this lawsuit.

      4.     Any statements taken in connection with the above lawsuit.

      5.     Any and all models, plats, maps, drawings, motion pictures, video tapes, and color

digital photographs pertaining to any fact or issue involved in the motor vehicle accident dated

October 4, 2021, including depicting the vehicles involved, the scene of the accident and/or any of the parties involved.

6. A copy of the title and registration for the subject motor vehicle.

7. A copy of your driver's license.

8. Detailed cellular phone bill at the time of the accident, or in the alternative, please complete the attached Authorization for Release of Cellular Phone Records.

9. Any materials you intend to use at trial to impeach the parties, their witnesses or experts, including impeachment material set forth in <u>Northup v. Acken</u>, 865 So. 2d 1267 (Fla. 2004).

10. Any and all invoices and/or repair estimates of Plaintiff's motor vehicle pertaining to the subject accident.

11. Any and all invoices and/or repair estimates and/or documents evidencing repairs of Defendant's motor vehicle pertaining to the subject accident.

12. Any and all color photographs of Defendant's motor vehicle pertaining to the subject accident.

13. Any and all test results for any alcohol and/or drug testing Defendant KAPANZHI was required to undergo while employed by VNK TRANSPORTATION, INC.

14. A complete copy of Defendant KAPANZHI's employment file.

15. Any and all documents related to the termination of Defendant KAPANZHI.

16. Any and all service reports and/or service history for the motor vehicle involved in the subject collision.

17. Any and all documents related to Defendant KAPANZHI's work schedule for the week of the subject collision.

18. Any and all GPS data for the vehicle involved in the subject collision.

19.     Any and all EDR and/or Black Box downloads for the vehicles involved in the subject collision.

20.     Any and all diagnostic reports for the vehicles involved in the subject collision.

21.     Any and all documents and/or materials related to Defendant KAPANZHI's driving record and/or history obtained by VNK TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via Statewide E-Filing portal to Dara M. Reed, Esq., Carr Allison Attorneys for Defendants, at jsarber@carrallison.com; dreed@carrallison.com; jgrosskruger@carrallison.com on this 12th day of June 2023.

**LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
*Attorney for Plaintiff*
2245 St. Johns Avenue
Jacksonville, Florida 32204
Phone (904) 600-4000/Fax (954) 525-0020
E-Service: pleadings@anl-law.com


By:    */s/ Arlen M. Weintraub*
         ARLEN M. WEINTRAUB, ESQ.
         FBN 114144