UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVIN DAN ROBERSON, JR.,

    Plaintiff,

v.                                              Case No. 3:23-cv-707-TJC-JBT

VNK TRANSPORTATION, INC., a
Foreign Corporation and MICHAEL
KAPANZHI, an individual,

    Defendants.

## O R D E R

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Upon review of Defendants' Notice of Removal (Doc. 1), the Court finds that the jurisdictional allegations are lacking. Defendants invoke diversity of citizenship but have not shown that the parties are citizens of different states. Id. ¶¶ 2–5; cf. 28 U.S.C. § 1441; 28 U.S.C. § 1332(a)(1). Defendants assert that Plaintiff Marvin Dan Roberson is a citizen of Florida and cite the complaint as their only support. Id. ¶¶ 3, 4. Id. However, the complaint only alleges Plaintiff's residence. (Doc. 4 ¶¶ 2, 4). Cf. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1995) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Because Defendants

have not shown the parties' citizenship, they have not established that the parties are diverse. The Court therefore requires more information before it can determine that is has jurisdiction over the case.

Accordingly, it is hereby

**ORDERED:**

Defendants are directed to file a jurisdictional supplement of no more than five pages **no later than July 14, 2023**. If Defendants do not supplement the notice of removal, the Court will remand the case.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of June, 2023.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record

2